I must respectfully dissent. I do not believe USA Petroleum Corporation should be held vicariously liable for the acts of its employee, James Davis. Mr. Hines, the plaintiff, did not present substantial evidence indicating that Davis was *Page 596 
acting within the line and scope of his employment when he assaulted Hines.
The trial court stated in its "Order on Defendant's Post-Trial Motions" that the jury had heard evidence indicating that Davis was following company policy when he committed the assault and battery. I disagree. Davis indicated that he had been told by his supervisor at USA Petroleum that he should "repel intruders" who try to enter the cashier's booth. Hines went to USA Petroleum's gasoline station to complain about the way Davis had talked to Hines's wife earlier in the day. Hines's wife had been at the station earlier that day, and on that earlier visit she had driven her automobile through the station in the wrong direction. The station was a "one-way" service station, set up so that drivers proceed through in one direction, pump their gasoline, and then stop by the booth to pay the attendant. Davis told Hines's wife that she could not pump gasoline with her car facing in the wrong direction and that the police could give her a ticket.
Hines did not go to the station to purchase gasoline. He went there to confront Davis about the way Davis had spoken to his wife. Davis became angry and lost his temper after Hines provoked him. He first pushed Hines toward his automobile and said he was going to telephone the police. It is possible that this action could be construed as "repelling intruders," which would have been within the line and scope of Davis's employment. However, when Hines got back into his car and pulled it over to the side of the booth, Davis began beating on the car with his fists and with a broom handle. Hines sustained injuries to a shoulder when he got out of the car and Davis shoved him back into the car. Given this further action, I cannot agree that the evidence could support a verdict finding that Davis was "repelling intruders" from the cashier's booth, as USA Petroleum's company policy required.
The majority indicates that there was substantial evidence from which the jury could conclude that Davis was acting within the line and scope of his employment, but it does not indicate what that evidence was. In determining that the punitive award against USA Petroleum was warranted, the trial court stated: "There was also evidence presented that USA knew or should have known of Davis' unfitness for employment." See 770 So.2d at 592. However, the evidence referred to should not even be considered until it is determined that Davis was in fact acting within the line and scope of his employment. Evidence indicating that Davis had been fired from two jobs for misconduct, that he had been arrested (and exonerated) on charges of sexual misconduct, and that he had received psychiatric treatment for a violent outburst while he was in high school has no bearing on whether USA Petroleum should be held vicariously liable. This evidence would be relevant if Hines were claiming negligent or wanton hiring, training, or supervision. Hines had made such claims, but he voluntarily dismissed them before the case was submitted to the jury. I do not believe the jury had before it substantial evidence indicating that Davis committed the assault on Hines while acting within the line and scope of his employment; therefore, I conclude that USA Petroleum should not be held vicariously liable.